## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ORLANDO V. WILLIAMS, [Pro Se] | ) CASE NO. _____ |
| | ) |
| **Plaintiff,** | ) COMPLAINT FOR DAMAGES |
| | ) FOR PERSONAL INJURY |
| **vs.** | ) |
| | ) (1) 42 U.S.C. § 1981, via 42 U.S.C. |
| 1960 FAMILY PRACTICE PA, ET AL.; | ) § 1983 RACE DISCRIMINATION |
| GABRIELLE WUDARSKI, as a PA/F; | ) (2) 42 U.S.C. § 1981, via 42 U.S.C. |
| FRANCISCO ORTIZ, as a MD; DANG | ) § 1983 RETALIATION |
| H. PHAM, as a MD; MADELINE A. | ) (3) § 504 OF THE |
| HUNT, as a MD; TARA A. HAGOPAIN, | ) REHABILITATION ACT OF |
| as a D.O. Neuroradiologist; | ) 1973, CODIFIED IN 29 U.S.C. |
| | ) § 794 DISABILITY |
| **vs.** | ) DISCRIMINATION |
| | ) (4) § 504 OF THE |
| UNIVERSITY OF TEXAS MD | ) REHABILITATION ACT OF |
| ANDERSON CANCER CENTER; | ) 1973, CODIFIED IN 29 U.S.C. |
| KRYSTAL J.  KIMIAGAREE, as a PA; | ) § 794 RETALIATION |
| JUSTIN E. BIRD, as a MD; | ) |
| | ) |
| **vs.** | ) DEMAND FOR JURY TRIAL |
| | ) |
| HOUSTON METHODIST HOSPITAL; | ) |
| TAREK SALAH RAFATI, as a MD; | ) |
| | ) |
| **Defendants.** | ) |

COMES NOW Orlando V. Williams (hereinafter "Williams" or "plaintiff") appearing *pro se*, files Complaint for cause of actions against Defendants ("defendants"), 1960 Family Practice PA, et al., Gabrielle Wudarski, Francisco Ortiz, Dang H. Pham, Madeline A. Hunt, Tara A. Hagopain, University of Texas MD Anderson Cancer Center, Krystal J. Kimiagaree, Justin E. Bird, Houston Methodist Hospital, and Tarek Salah Rafati, each of them, alleged herein violate

1

42 U.S.C. § 1981 ("§ 1981"), by and through 42 U.S.C. § 1983, on the bases of race discrimination and retaliation,[1] as well as § 504 of the Rehabilitation Act of 1973, codified in 29 U.S.C. § 794 (the "Rehabilitation Act") on the bases of disability discrimination and retaliation,[2] and herein alleges, based on information and belief:

///

---

[1]*See* Ex. A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK & LL.
[2]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

## TABLE OF CONTENTS

COMPLAINT………………………………………...…1-47

JURISDICTION & VENUE……………………………….…..7

PARTIES………………………………………………..7-11

FIRST CAUSE OF ACTION – 42 U.S.C. § 1981,
  via 42 U.S.C. § 1983 RACE DISCRIMINATION……….1,12-17

SECOND CAUSE OF ACTION – 42 U.S.C. § 1981,
  via 42 U.S.C. § 1983 RETALIATION……………....…1,18-35

THIRD CAUSE OF ACTION – § 504 OF THE
  REHABILITATION ACT OF 1973, CODIFIED
  IN 29 U.S.C. § 794 DISABILITY
  DISCRIMINATION……………………………...………1,35-40

FOURTH CAUSE OF ACTION – § 504 OF THE
  REHABILITATION ACT OF 1973, CODIFIED
  IN 29 U.S.C. § 794 RETALIATION……………….....…1,40-47

## TABLE OF AUTHORITIES

**Cases**                                                              **pages**

*Beasley*,
  3 F. Supp.2d at 1310-1312……………………………….…38

*Butts v. County of Volusia*,
  222 F.3d 891, 892-94 (11th Cir. 2000)……………….....12,15,18,33

*Burgos-Stefanelli v. Secretary*,
  U.S. Department of Homeland Security,
  410 Fed. Appx. 243 (11th Cir. 2011)……………...………....…41

*Camenisch v. University of Tex.*,
  616 F.2d 127 (5th Cir. 1980),
  *vacated on other grounds and*
  *remanded*, 451 U.S. 390 (1981)……...……………..………39,44

*Clark v. California*,
  123 F.3d 1267, 1271 (9th Cir. 1997),
  cert. denied, 118 S. Ct. 2340 (1998)…………………...……...38

*Clark County School Dist. v. Breeden*,
    532 U.S. 268, 273, 121 S. Ct. 1508 (2001).......................31,43

*Daniels v. Univ. of Tex. MD Anderson Cancer Ctr.*,
    CIVIL ACTION NO. H-16-2473, at *5
    (S.D. Tex. Feb. 26, 2019)...........................................12,18

*Fells v. Brooks*,
    522 F. Supp. 30, 33 (D.D.C. 1981)..............................39,44

*Fite v. Univ. of Texas MD Anderson Cancer Ctr.*,
    Civil Action No. 12-cv-3739, 2013
    WL 3338587 (S.D. Tex. July 2, 2013)...........................38

*Goodman v. Lukens Steel Co.*,
    482 U.S. 656, 660 (1987).........................................39,44

*Higdon v. Jackson*,
    393 F.3d 1211, 1220 (11th Cir.)..................................31,43

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369, 124 S. Ct. 1836 (2004)...........................15,33

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369, 371 (2004).........................................39,44

*Litman v. George Mason Univ.*,
    5 F. Supp.2d 366, 375-376 (E.D. Va. 1998)...................38

*Oden v. Oktibbeha Cty., Miss.*,
    246 F.3d 458, 462-63 (5th Cir. 2001).............................12,18

*Orlando V. Williams v. Alabama Department of
Corrections, et al.*,
    4:12-cv-4043-KOB..................................................7,13

*Patton v. Dumpson,*
    498 F. Supp. 933, 940 (S.D.N.Y. 1980).........................39,44

*Patsy v. Board of Regents of the State of Florida*,
    457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)........15,33

*Rhodes v. Tuscaloosa Co. Bd. OF Ed.*,
    935 F. Supp. 2d 1226, 1254 (N.D. Ala. 2013).................31,43

*Sandoval,*
    7 F. Supp.2d at 1269, 1271-1272.........................................38

*Sutton v. Lader,*
    185 F.3d 1203, 1207 n. 5 (11th Cir.1999)............................41

**Rules**

Fed. R. Civ. P. 26(a)(1)...................................................12

Fed. R. Civ. P. 26(f)(1)-(4)...............................................12

**Statutes**

28 U.S.C. § 1331............................................................7

28 U.S.C. § 1343............................................................7

28 U.S.C. § 1367............................................................7

28 U.S.C. § 1391............................................................7

28 U.S.C. § 1658...............................................15,33,39,44

29 U.S.C. § 705(20)(B).....................................................36

29 U.S.C. § 791.............................................................41

29 U.S.C. § 793.............................................................41

29 U.S.C. § 794.....................................................1-2,10,35-45

42 U.S.C. § 12101(2)(B)....................................................36

42 U.S.C. § 12203(a).......................................................41

42 U.S.C. § 1981....................................................8-12,15,18-19,33

42 U.S.C. § 1981, via 42 U.S.C.
    § 1983.....................................1-2,12-15,17-18,32-33,35

42 U.S.C. § 1981a.(b)(3)(D)................................................40

42 U.S.C. § 1983...................................................7,12,15,18,33

42 U.S.C. § 1988.....................................................39,44

42 U.S.C. § 2000d-7.................................................37-38

Texas Civil Practice and Remedies
    Code. Section 16.003............................................39,44

Texas Civil Practice and Remedies
    Code. Section 16.0031..........................................39,44

Texas Civil Practice and Remedies
    Code. Section 16.0045..........................................39,44

Texas Civil Practice and Remedies
    Code. Section 16.010............................................39,44

**U.S. Constitution**

Article I, § 8, cl. 1..................................................38

First Amendment...................................................18-30

Fourteenth Amendment..........................................12,14

## JURISDICTION & VENUE

1. This court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 28 U.S.C. § 1367(a).[3]  Venue is therefore proper pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2).[4]

2. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,  suit in equity, or other proper proceeding for redress.[5]

## PARTIES

3. The plaintiff Orlando V. Williams.  The plaintiff Mr. Williams is a citizen of United States.[6]

4. At all relevant times, the defendant, 1960 Family Practice PA ("1960FPPA") was and is a corporation and existing under the

---

[3]*See* Ex. A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK & LL.
[4]*See* Ex. A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK & LL.
[5]*See* Ex. A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK & LL.
[6]*See Orlando V. Williams v. Alabama Department of Corrections, et al.,* 4:12-cv-4043-KOB, Doc. 37, at Ex. A.

laws of the State of Texas and authorized to do and doing business within the State of Texas, including in the County of Harris within the meaning of § 1981.[7]  Defendant 1960FPPA is being sued in its official capacity.

5.   At all relevant times, the defendant, Gabrielle Wudarski ("WUDARSKI") was and is an employee at 1960FPPA.[8]  Plaintiff is informed and believes, and herein alleges that defendant WUDARSKI was at all times herein relevant, the PA/F on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321] within the meaning of § 1981.[9]  Defendant WUDARSKI is being sued in her individual capacity.

6.   At all relevant times, the defendant, Francisco Ortiz ("ORTIZ") was and is an employee at 1960FPPA.[10]  Plaintiff is informed and believes, and herein alleges that defendant ORTIZ was at all times herein relevant, the MD on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321] within the meaning of § 1981.[11]  Defendant ORTIZ is being sued in his individual capacity.

7.   At all relevant times, the defendant, Dang H. Pham ("PHAM") was and is an employee at 1960FPPA.[12]  Plaintiff is informed and

---

[7]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK, LL, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[8]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[9]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[10]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[11]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[12]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

believes, and herein alleges that defendant PHAM was at all times herein relevant, the MD on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321] within the meaning of § 1981.[13] Defendant PHAM is being sued in his individual capacity.

8. At all relevant times, the defendant, Madeline A. Hunt ("HUNT") was and is employee at 1960FPPA.[14] Plaintiff is informed and believes, and herein alleges that defendant HUNT was at all times herein relevant, the MD on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745] within the meaning of § 1981.[15] Defendant HUNT is being sued in her individual capacity.

9. At all relevant times, the defendant Tara A. Hagopain ("HAGOPAIN") was and is an employee at 1960FPPA.[16] Plaintiff is informed and believes, and herein alleges that defendant HAGOPAIN was at all times herein relevant, the D.O. Neuroradiologist on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745] within the meaning of § 1981.[17] Defendant HAGOPAIN is being sued in her individual capacity.

---

[13]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[14]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[15]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[16]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[17]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

10. At all relevant times, the defendant, University of Texas MD Anderson Cancer Center ("MD Anderson") was and is a corporation and existing under the laws of the State of Texas and authorized to do and doing business within the State of Texas, including in the County of Harris within the meaning of § 504 of the Rehabilitation Act.[18]  Defendant MD Anderson is being sued in its official capacity.

11. At all relevant times, the defendant, Krystal J. Kimiagaree ("KIMIAGAREE") was and is an employee at MD Anderson.[19] Plaintiff is informed and believes, and herein alleges that defendant KIMIAGAREE was at all times herein relevant, the PA on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approximately ("approx.") 1:39 p.m. within the meaning of § 1981.[20]  Defendant KIMIAGAREE is being sued in her individual capacity.

12. At all relevant times, the defendant, Justin E. Bird ("BIRD") was and is an employee at MD Anderson.[21]  Plaintiff is informed and believes, and herein alleges that defendant BIRD was at all times herein relevant, the MD on or about May 9, 2019 OSI MRI –

---

[18]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[19]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[20]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[21]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

Details [MRN: 2371211] at approx. 1:39 p.m. within the meaning of § 1981.[22]   Defendant BIRD is being sued in his individual capacity.

13. At all relevant times, the defendant, Houston Methodist Hospital ("HMH"), acted through its agency, Houston Methodist Primary Care Group ("HMPCG") within the meaning of § 1981.[23] Defendant HMH is being sued in its official capacity.

14. At all relevant times, the defendant, Tarek Salah Rafati ("RAFATI") was and is an employee at HMH, acted through its agency, HMPCG.[24]   Plaintiff is informed and believes, and herein alleges that defendant RATFATI was at all times herein relevant, the MD on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008] within the meaning of § 1981.[25] Defendant RAFATI is being sued in his individual capacity.

---

[22]_See_ Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[23]_See_ Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[24]_See_ Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[25]_See_ Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

**FIRST CAUSE OF ACTION – 42 U.S.C. § 1981, via § 1983**
**COUNT I**
**DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY**
**RIGHTS**
**FOURTEENTH AMENDMENT**
**(RACE DISCRIMINATION)**
**Against Defendants, 1960FPPA, WUDARSKI, ORTIZ, PHAM,**
**HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and**
**RAFATI**[2627]

15. Plaintiff adopts and re-alleges each and every allegation contained

in this Complaint as if set out anew herein.

16. In failing the plaintiff *experienced an adverse action* on or about

February 1, 2019 MRI lumbar, spine w/wo contrast

[PTC026321][28] and on or about May 1, 2019 MRI thoracic, spine

w/wo contrast [PTC028745][29] and on or about May 9, 2019 OSI

MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[30] and on or

about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine

[MRN: 109023008],[31] and instead promoting less-qualified white

patients on the bases of MRIs, i.e., thoracic, spine w/wo contrast

---

[26]As for plaintiff' § 1981 claim against defendants, 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, in their official capacity and/or individual capacity, plaintiff is correct that such a claim can only be alleged through 42 U.S.C. § 1983. *See Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462-63 (5th Cir. 2001) ("plaintiff's must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981"). *See Daniels v. Univ. of Tex. MD Anderson Cancer Ctr.*, CIVIL ACTION NO. H-16-2473, at *5 (S.D. Tex. Feb. 26, 2019). § 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to 42 U.S.C. § 1983. *See Butts v. County of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000).
[27]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[28]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[29]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[30]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[31]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

and lumbar, spine w/wo contrast,[32][33] and defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, and RAFATI, each of them, *intentionally* and *willfully* discriminated against plaintiff due to his race, African-American,[34][35][36] in violation of § 1981, via 42 U.S.C. § 1983.[37] White and black patients were not treated similarly on the bases of MRIs, i.e., thoracic, spine w/o contrast and lumbar, spine w/wo contrast.[38][39]

17. Said action of defendants 1960FPPA, SALEMI, DEVOS, CARY, OSER, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN,

---

[32]Defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, *treated similarly situated white patients outside his classification more favorably* on the bases of MRIs, i.e., spine w/o contrast and lumbar, spine w/wo contrast. A plaintiff can establish a prima facie case of racial discrimination by: to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); and to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f).

[33]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[34]*Plaintiff belongs to a racial minority.*

[35]*See Orlando V. Williams v. Alabama Department of Corrections, et al.,* 4:12-cv-4043-KOB, Doc. 37, Ex. A.

[36]*See* Ex. T & BB.

[37]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[38]Defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, plaintiff *was discriminated against him as an African-American male by giving him unfavorable patients assignments-similarly situated or not-who were treated more favorably in patients assignment* on the bases of MRIs, i.e., thoracic, spine w/o contrast and lumbar, spine w/wo contrast. A plaintiff can establish a prima facie case of racial discrimination by: to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); and to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f).

[39]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, were taken with *malice* or *reckless indifference* to the federally-protected and Constitutional rights of plaintiff on the bases of equal protection clause, i.e., nor deny to any person within its jurisdiction the equal protection of the laws of the Fourteenth Amendment on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321][40] and on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745][41] and on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[42] and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008].[43]

18. As a *proximate* consequence of the violations of § 1981, via 42 U.S.C. § 1983, by defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, plaintiff suffered and continues to suffer bodily injuries such as pain and will continue to suffer damages to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment in life, and non-pecuniary damages.[44]

---

[40]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[41]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[42]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[43]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[44]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

19. As a *proximate* consequence of the violations of § 1981, via 42 U.S.C. § 1983, by defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, plaintiff's personal property was loss, damaged or destroyed.[45]

20. Plaintiff has satisfied all administrative prerequisites to bring this claim outlined herein.[464748]

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays for judgment against defendants, 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, on all cause of action as follows:

    a.  For special damages for placement in the position(s) in which he would have worked absent defendants WUDARSKI,     ORTIZ,     PHAM,     HUNT,

---

[45]*See* Ex. KK & LL.

[46]In *Patsy v. Board of Regents* the Supreme Court held that 42 U.S.C. § 1983 does not require exhaustion of state administrative remedies. Also, in *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court determined that there is no general exhaustion of remedies requirement for plaintiff's pursuing claims under 42 U.S.C. § 1983.

[47]§ 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to 42 U.S.C. § 1983. *See Butts v. County of Volusia,* 222 F.3d 891, 892-94 (11th Cir. 2000). However, a four-year statute of limitations applies to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. *See* 28 U.S.C. § 1658(a). In this case, Williams's § 1981 claims were made possible by the 1991 amendments to § 1981; thus, those claims arise under a post-1990 enactment. *See Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S. Ct. 1836 (2004).

[48]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

HAGOPAIN, KIMIAGAREE, BIRD, and RAFATI, each of them, discriminatory treatment on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321] and on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745] and on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m. and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008];[49] or, in lieu thereof, front pay according to proof;[50]

b. For post-judgment interest as allowed by law;

c. For costs of suit incurred herein;

d. For special damages for back pay according to proof;[51]

e. For general damages in the amount of not less than $50,000,000 jointly against defendants, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, and RAFATI, each of them, for endured physical pain,

---

[49]_See_ Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[50]_See_ Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[51]_See_ Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

emotional     suffering,     mental     anguish,
embarrassment, loss of enjoyment, both past and
future according to proof;[52]

f.  For personal property was loss, damaged or
destroyed according to proof;[53] and

g.  Such other legal or equitable relief, including
injunctive relief, as may be appropriate to effectuate
of § 1981, via 42 U.S.C. § 1983 enjoining
defendants 1960FPPA, and HMH, each of them,
their agents, successors, employees, attorneys, and
those acting in concert with defendants 1960FPPA,
and HMH, each of them, or at defendants
1960FPPA, and HMH, each of them, request from
violating § 1981, via 42 U.S.C. § 1983, or to which
he may be entitled.[54]

---

[52]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH,
G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA,
BB, CC, DD, EE, II, JJ, KK & LL.
[53]*See* Ex. KK & LL.
[54]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH,
G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA,
BB, CC, DD, EE, II, JJ, KK & LL.

**SECOND CAUSE OF ACTION – 42 U.S.C. § 1981, via § 1983**
**COUNT II**
**DEPRIVATION OF PLAINTIFF'S FEDERAL STATUTORY**
**RIGHTS**
**FIRST AMENDMENT**
**(RETALIATION)**
**Against Defendants, 1960FPPA, WUDARSKI, ORTIZ, PHAM,**
**HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and**
**RAFATI**[5556]

21. Plaintiff adopts and re-alleges each and every allegation contained
in this Complaint as if set out anew herein.

22. In taking the actions alleged herein, defendants 1960FPPA,
WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN,
KIMIAGAREE, BIRD, HMH, and RAFATI, each of them,
*intentionally* and *willfully* retaliated against plaintiff on or about
February 8, 2019 MRI addendum lumbar, spine w/wo contrast
[PTC026321][57] and on or about May 1, 2019 MRI thoracic, spine
w/wo contrast [PTC028745][58] and on or about May 9, 2019 OSI
MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[59] and on or

---

[55]As for plaintiff § 1981 claim against defendants, 1960FPPA, WUDARSKI,
ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and
RAFATI, each of them, in their official capacity and/or individual capacity, plaintiff
is correct that such a claim can only be alleged through 42 U.S.C. § 1983. *See Oden
v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462-63 (5th Cir. 2001) ("plaintiff's must
assert a cause of action against state actors under § 1983 to remedy violations of
civil rights under § 1981"). *See Daniels v. Univ. of Tex. MD Anderson Cancer Ctr.*,
CIVIL ACTION NO. H-16-2473, at *5 (S.D. Tex. Feb. 26, 2019). § 1981 does not
provide a cause of action against state actors; instead, claims against state actors or
allegations of § 1981 violations must be brought pursuant to 42 U.S.C. § 1983. *See
Butts v. County of Volusia,* 222 F.3d 891, 892-94 (11th Cir. 2000).
[56]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH,
G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA,
BB, CC, DD, EE, II, JJ, KK & LL.
[57]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[58]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[59]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II,
JJ, KK & LL.

about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008][60] in violation of his rights protected by § 1981,[61] including plaintiff rights to his speech or act, i.e., petitioning for a government redress of grievance of the First Amendment on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321][62] and on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745][63] and on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[64] and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008],[65] and which is attached as Exhibits A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK and LL to this Complaint.

23. Said actions of defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, were *aware* when they deprived the plaintiff of his guaranteed statutory rights on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast

---

[60]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[61]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[62]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[63]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[64]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[65]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[PTC026321][66] and on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745][67] and on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[68] and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008][69] were taken with *malice* or *reckless indifference* to the federally-protected and Constitutional rights of plaintiff on the bases of his speech or act, i.e., right to petition government for redress of grievance of the First Amendment on or about February 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321][70] and on or about May 1, 2019 MRI thoracic, spine w/wo contrast [PTC028745][71] and on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[72] and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008].[73]

24. Defendant 1960FPPA, acted through its employees *alleged conduct* – retaliated on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast [PTC026321] and on or about May 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321], as

---

[66]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[67]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[68]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[69]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[70]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[71]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[72]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[73]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

1960FPPA[74][75][76][77] — would likely deter a person of ordinary

firmness from exercise of First Amendment Rights.[78]

---

[74]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

> "Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[75]Plaintiff's MRI addendum spine, lumbar w/wo contrast [PCT026321] on or about February 8, 2019, states as follows:

> "L3-L4: There is no spinal stenosis or foraminal narrowing. A 6 mm heterogeneous area is noted in the L3 vertebral body, compatible with hemangioma." *See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[76]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

> "Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

> "For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[77]Plaintiff's MRI thoracic, spine w/wo contrast [10465997] on or about May 1, 2019, states as follows:

> "No scoliosis." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "Small intraosseous lesions are seen compatible with intraosseous hemangiomas, in the absence of known malignancy." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[78]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

25. Defendant WUDARSKI *alleged conduct* – retaliated on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast [PTC026321], as a PA/F[798081] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[82]

26. Defendant ORTIZ *alleged conduct* – retaliated on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast

---

[79]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[80]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[81]Plaintiff's MRI addendum spine, lumbar w/wo contrast [PCT026321] on or about February 8, 2019, states as follows:

"L3-L4: There is no spinal stenosis or foraminal narrowing. A 6 mm heterogeneous area is noted in the L3 vertebral body, compatible with hemangioma." *See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[82]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[PTC026321], as a MD[838485] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[86]

27. Defendant PHAM *alleged conduct* – retaliated on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast

---

[83]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

> "Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[84]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

> "Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

> "For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[85]Plaintiff's MRI addendum spine, lumbar w/wo contrast [PCT026321] on or about February 8, 2019, states as follows:

> "L3-L4: There is no spinal stenosis or foraminal narrowing. A 6 mm heterogeneous area is noted in the L3 vertebral body, compatible with hemangioma." *See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[86]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[PTC026321], as a MD[878889] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[90]

28. Defendant HUNT *alleged conduct* – retaliated on or about May 1, 2019 MRI lumbar, spine w/wo contrast [PTC028745], as a

---

[87]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[88]Plaintiff's MRI addendum spine, lumbar w/wo contrast [PCT026321] on or about February 8, 2019, states as follows:

"L3-L4: There is no spinal stenosis or foraminal narrowing. A 6 mm heterogeneous area is noted in the L3 vertebral body, compatible with hemangioma." *See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[89]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[90]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

MD[919293] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[94]

29. Defendant HAGOPAIN *alleged conduct* – retaliated on or about May 1, 2019 MRI lumbar, spine w/wo contrast [PTC026321], as

---

[91]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[92]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[93]Plaintiff's MRI thoracic, spine w/wo contrast [10465997] on or about May 1, 2019, states as follows:

"No scoliosis." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

"Small intraosseous lesions are seen compatible with intraosseous hemangiomas, in the absence of known malignancy." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[94]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

a D.O. Neuroradiologist[95][96][97] – would likely deter a person of
ordinary firmness from exercise of First Amendment Rights.[98]

30. Defendant KIMIAGAREE *alleged conduct* – retaliated on or
about May 9, 2019 OSI MRI – Details [MRN: 2371211] at

---

[95]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

> "Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[96]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

> "Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

> "For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[97]Plaintiff's MRI thoracic, spine w/wo contrast [10465997] on or about May 1, 2019, states as follows:

> "No scoliosis." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "Small intraosseous lesions are seen compatible with intraosseous hemangiomas, in the absence of known malignancy." *See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[98]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

approx. 1:39 p.m., as a PA[99][100][101] -- would likely deter a person of

ordinary firmness from exercise of First Amendment Rights.[102]

31. Defendant BIRD *alleged conduct* – retaliated on or about May 9,

2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.,

---

[99]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[100]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[101]Plaintiff's OSI MRI spine - details [2371211] on or about May 9, 2019, states as follows:

"Technique: OSI MRI thoracic spine was performed at Providence Hospital of North Houston ("PHNH") on or about May 1, 2019, i.e., diagnosis of hemangiomas: spinal tumors." *See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

"No evidence of tumor in the thoracic spinal region." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

"Thoracic spine: Examination of the thoracic spine shows no evidence of tumor." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[102]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

as a MD[103][104][105] — would likely deter a person of ordinary firmness

from exercise of First Amendment Rights.[106]

32. Defendant HMH, acted through its agency and/or employee

*alleged conduct* — retaliated on or about June 12, 2019 (Order ID:

---

[103]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

> "Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[104]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

> "Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

> "For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[105]Plaintiff's OSI MRI spine - details [2371211] on or about May 9, 2019, states as follows:

> "Technique: OSI MRI thoracic spine was performed at PHNH on or about May 1, 2019, i.e., diagnosis of hemangiomas: spinal tumors." *See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "No evidence of tumor in the thoracic spinal region." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "Thoracic spine: Examination of the thoracic spine shows no evidence of tumor." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[106]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

272980141) MRI lumbar, spine [MRN: 109023008], as HMH[107][108][109] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[110]

33. Defendant RAFATI *alleged conduct* – retaliated on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN:

---

[107]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[108]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[109]Plaintiff's (Order ID: 272980141) MRI lumbar, spine [MRN 109023008] on or about June 12, 2019, states as follows:

"Low back pain w/o sciatica (M54.5,G89.29)." *See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[110]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

109023008], as a MD[111][112][113] – would likely deter a person of ordinary firmness from exercise of First Amendment Rights.[114]

34. There is a *causal connection* between *the retaliatory actions* and *the adverse effect* on speech and act.[115] The Supreme Court has recently held that the temporal proximity between *the adverse action* on or about February 8, 2019 MRI addendum lumbar, spine w/wo contrast [PTC026321][116] and on or about May 1, 2019 MRI

---

[111]Plaintiff's Persian Gulf Exam on or about November 7, 2016, states as follows:

"Army joined in 2000 to 2003, in Iraq January 2003 to May 2003, was in Tikrit, involved in burning the human waste takes all day, did it once a week for twenty (20) weeks, veteran was involved in burn pit duties in Iraq, suffers from chronic headaches since then, chronic intermittent headaches, tensional type, headaches 1-2 times a week, depression with insomnia, skin-scattered small round white spots on arm and hives over arms, worked as a state employee for 6.5 years and not worked since 2011." *See* Ex. FF, GG & HH.

[112]Plaintiff's KSP Orthopaedic Center, PA on or about March 1, 2019, states as follows:

"Pediatric bone/soft tissue tumors and masses, adult bone/soft tumors and masses, benign and malignant bone/soft tumors, sarcomas and metastatic disease involving bone." *See* Ex. G, H, I, GG & HH.

"For continuity care, we will fax records to MD Anderson, and call them to confirm receipt of the records. They (MD Anderson) will call you within 48 hours to set up an appointment for you with the appropriate doctor." *See* Ex. G, H, I, GG & HH.

[113]Plaintiff's (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008] on or about June 12, 2019, states as follows:

"Low back pain w/o sciatica (M54.5,G89.29)." *See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[114]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[115]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[116]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

thoracic, spine w/wo contrast [PTC028745][117] and on or about

May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39

p.m.[118] and on or about June 12, 2019 (Order ID: 272980141)

MRI lumbar, spine [MRN: 109023008],[119] must be close, less

than three (3) months, between *the protected activity*[120][121] on or

about February 1, 2019 MRI lumbar, spine w/wo contrast

[PTC026321][122] and on or about May 1, 2019 MRI thoracic, spine

w/wo contrast [PTC028745][123] and on or about May 9, 2019 OSI

MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[124] and on or

about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine

[MRN: 109023008],[125] and *the adverse action* on or about

February 8, 2019 MRI addendum lumbar, spine w/wo contrast

[PTC026321][126] and on or about May 1, 2019 MRI thoracic, spine

w/wo contrast [PTC028745][127] and on or about May 9, 2019 OSI

---

[117]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[118]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[119]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[120]*See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508 (2001).
[121]*See Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir.); *Rhodes v. Tuscaloosa Co. Bd. OF Ed.,* 935 F. Supp. 2d 1226, 1254 (N.D. Ala. 2013) ("A plaintiff satisfies (*the causation*) element by showing that the decision-maker <u>knew</u> of the protected activity, <u>and</u> that a close temporal proximity existed between this awareness and the adverse … action.") (emphasis added).
[122]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[123]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[124]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[125]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[126]*See* Ex. E, A, B, C, D, E, F, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[127]*See* Ex. J, K, L, M, N, O, P, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[128] and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008].[129]

35. As a *proximate* consequence of the violations of § 1981, via 42 U.S.C. § 1983, by defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, plaintiff suffered and continues to suffer bodily injuries such as pain and will continue to suffer damages to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment in life, and non-pecuniary damages.[130]

36. As a *proximate* consequence of the violations of § 1981, via 42 U.S.C. § 1983, by defendants 1960FPPA, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and RAFATI, each of them, plaintiff's personal property was loss, damaged or destroyed.[131]

---

[128]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[129]*See* Ex. Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[130]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[131]*See* Ex. KK & LL.

37. Plaintiff has satisfied all administrative prerequisites to bring this

claim outlined herein.[132][133][134]

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays

for judgment against defendants, 1960FPPA, WUDARSKI, ORTIZ,

PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, HMH, and

RAFATI, each of them, on all cause of action as follows:

a. For special damages for placement in the position(s)

in which he would have worked absent defendants

WUDARSKI, ORTIZ, PHAM, HUNT,

HAGOPAIN, KIMIAGAREE, BIRD, and

RAFATI, each of them, discriminatory treatment on

or about February 8, 2019 addendum MRI lumbar,

spine w/wo contrast [PTC026321] and on or about

May 1, 2019 MRI thoracic, spine w/wo contrast

[PTC028745] and on or about May 9, 2019 OSI

---

[132]In *Patsy v. Board of Regents* the Supreme Court held that 42 U.S.C. § 1983 does not require exhaustion of state administrative remedies. Also, in *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court determined that there is no general exhaustion of remedies requirement for plaintiff's pursuing claims under 42 U.S.C. § 1983.

[133]§ 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to 42 U.S.C. § 1983. *See Butts v. County of Volusia,* 222 F.3d 891, 892-94 (11ᵗʰ Cir. 2000). However, a four-year statute of limitations applies to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990. *See* 28 U.S.C. § 1658(a). In this case, Williams's § 1981 claims were made possible by the 1991 amendments to § 1981; thus, those claims arise under a post-1990 enactment. *See Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 124 S. Ct. 1836 (2004).

[134]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

MRI – Details [MRN: 2371211] at approx. 1:39 p.m. and on or about June 12, 2019 (Order ID: 272980141) MRI lumbar, spine [MRN: 109023008];[135] and on or, in lieu thereof, front pay according to proof;[136]

b. For post-judgment interest as allowed by law;

c. For costs of suit incurred herein;

d. For special damages for back pay according to proof;[137]

e. For general damages for in the amount of not less than $50,000,000 jointly against defendants, WUDARSKI, ORTIZ, PHAM, HUNT, HAGOPAIN, KIMIAGAREE, BIRD, and RAFATI, each of them, for endured physical pain, emotional suffering, mental anguish, embarrassment, loss of enjoyment, both past and future according to proof;[138]

---

[135]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[136]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[137]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

[138]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.

f.  For personal property was loss, damaged or destroyed according to proof;[139] and

g.  Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981, via 42 U.S.C. § 1983 enjoining defendants 1960FPPA, and HMH, each of them, their agents, successors, employees, attorneys, and those acting in concert with defendants 1960FPPA, and HMH, each of them, or at defendants 1960FPPA, and HMH, each of them, request from violating § 1981, via 42 U.S.C. § 1983, or to which he may be entitled.[140]

**THIRD CAUSE OF ACTION – § 504 OF THE REHABILITATION ACT OF 1973, CODIFIED IN 29 U.S.C. § 794**
**COUNT III**
**DISPARATE TREATMENT**
**(DISABILITY DISCRIMINATION)**
**Against Defendant, MD ANDERSON**[141]

38. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

39. In taking the actions alleged herein, defendant MD Anderson, acted through its employees *intentionally* discriminated against plaintiff on the

---

[139]*See* Ex. KK & LL.
[140]*See* Ex. A, B, C, D, E, F, FF, GG, HH, G, H, I, J, K, L, M, N, O, P, FF, GG, HH, G, H, I, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, Y, FF, GG, HH, G, H, I, Z, AA, BB, CC, DD, EE, II, JJ, KK & LL.
[141]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

bases of disability discrimination in violation of § 504 of the Rehabilitation Act on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[142]

40. Defendant MD Anderson, acted through its employees *condones* and *allows* disability-based discrimination. Defendant MD Anderson, acted through its employees actions were in violation of § 504 of the Rehabilitation Act on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.,[143] and were taken with *malice* or *reckless indifference* to the federally-protected rights of the plaintiff.[144]

41. *The plaintiff is an individual with a disability under the § 504 of the Rehabilitation Act*, as he is disabled with a diagnosis of hemangiomas: spinal tumors at PHNH on or about May 1, 2019, which substantially impairs various major life activities, defined in 29 U.S.C. § 705(20)(B), any person who has a disability as defined in section 12101 of title 42(2)(B), i.e., functions of the normal cell growth.[145]

---

[142]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[143]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[144]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.
[145]Plaintiff's OSI MRI spine - details [2371211] on or about May 9, 2019, states as follows:

> "Technique: OSI MRI thoracic spine was performed at PHNH on or about May 1, 2019, i.e., diagnosis of hemangiomas: spinal tumors." *See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL. And, second diagnosis, i.e., Thoracic spine tumor (D49.2). II, K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

42. *The plaintiff is otherwise qualified for participation in the program*; i.e., that he was otherwise eligible to receive medical benefits.[146]

43. Because of plaintiff's disability, he has been the target of abuse culminating in the participation in a program, i.e., OSI MRI – Details [MRN: 2371211] on or about May 9, 2019 at approx. 1:29 p.m.[147] Said defendant MD Anderson, acted through its employees discriminating against plaintiff, *the plaintiff is being excluded from the participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his disability*, i.e., OSI MRI – Details [MRN: 2371211] on or about May 9, 2019 at approx. 1:39 p.m.[148]

44. Defendant MD Anderson is subject to the provision of § 504 of the Rehabilitation Act by virtue of its receipt of federal funds and *the relevant program receives federal financial assistance*, and thus not protected pursuant to § 504 of the Rehabilitation Act itself, section 2000d-7 is a

---

[146]Plaintiff has Humana Medicare Advantage – Humana Choice Medicare PPO. *See* Ex. U & V.

[147]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[148]Plaintiff's OSI MRI spine - details [2371211] on or about May 9, 2019, states as follows:

> "Technique: OSI MRI thoracic spine was performed at PHNH on or about May 1, 2019, i.e., diagnosis of hemangiomas: spinal tumors." *See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "No evidence of tumor in the thoracic spinal region." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "Thoracic spine: Examination of the thoracic spine shows no evidence of tumor." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

valid exercise of Congress' Spending Power -- conditioning the receipt of federal funds on the waiver of Eleventh Amendment immunity.[149][150]

45. As a *proximate* consequence of the violations of § 504 of the Rehabilitation Act, by defendant MD Anderson, plaintiff suffered and continues to suffer bodily injuries such as pain and will continue to suffer damages to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment in life, and non-pecuniary damages.[151]

46. As a *proximate* consequence of the violations of § 504 of the Rehabilitation Act Sec. 504, by defendant MD Anderson, plaintiff's personal property was loss, damaged or destroyed.[152]

---

[149]*See Fite v. Univ. of Texas MD Anderson Cancer Ctr.*, Civil Action No. 12-cv-3739, 2013 WL 3338587 (S.D. Tex. July 2, 2013) (holding that MD Anderson, as a component institution of the University of Texas system, "enjoys the same sovereign immunity as the State of Texas itself"). If the state or local government entities receive funding whatever purpose, they cannot claim sovereign immunity if they are sued in federal court for discrimination. The United States Code, Title 42, Section 2000d-7 explicitly says this. *See Clark v. California*, 123 F.3d 1267, 1271 (9th Cir. 1997), cert. denied, 118 S. Ct. 2340 (1998); *Beasley*, 3 F. Supp.2d at 1310-1312; *Sandoval*, 7 F. Supp.2d at 1269, 1271-1272; *Litman v. George Mason Univ.*, 5 F. Supp.2d 366, 375-376 (E.D. Va. 1998). Defendant MD Anderson' *Operating Fiscal Year Ending 2018* on or about August 31, 2018. *See* Ex. X.

[150]Article I, § 8, cl. 1 of the United States Constitution provides:

> "The Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States." *See* Ex. X.

[151]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[152]*See* Ex. KK & LL.

47. Plaintiff has satisfied all administrative prerequisites to bring this claim

outlined herein.[153][154]

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays

for judgment against defendant MD Anderson on all cause of action

as follows:

    a.   For post-judgment interest as allowed by law;

    b.   For costs of suit incurred herein;

    c.   For general damages for in the amount of not less

       than $300,000 against defendant MD Anderson for

---

[153] *See Camenisch v. University of Tex.*, 616 F.2d 127 (5th Cir. 1980), *vacated on other grounds and remanded*, 451 U.S. 390 (1981) (private suits for the enforcement of individual actions are appropriate in § 504 of the Rehabilitation Act cases, without exhaustion of administrative mechanisms); *Fells v. Brooks*, 522 F. Supp. 30, 33 (D.D.C. 1981) (private right of action exists under § 504 of the Rehabilitation Act, "and the existence of [this right] is not contingent upon the exhausted of administrative remedies . . ."); *Patton v. Dumpson*, 498 F. Supp. 933, 940 (S.D.N.Y. 1980) ("[I]t is well established that exhaustion is not required if the only available administrative remedy is plainly inadequate.").

[154] When a federal statute does not contain a limitations period (as is the case for § 504 of the Rehabilitation Act), the settled practice is to borrow an "appropriate" statute of limitations from state law. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), partially superseded by statute as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004); *see also* 42 U.S.C. § 1988. Of course, this rule only applies to statutes enacted prior to passage of 28 U.S.C. § 1658, which now governs in such circumstances. *See* 28 U.S.C. § 1658(a); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). Texas's two-year statute of limitations for personal injury actions, which is set out in Section 16.003 of the Texas Civil Practice and Remedies Code. Section 16.003 states in relevant part:

> "Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

endured physical pain, emotional suffering, mental

anguish, embarrassment, loss of enjoyment, both past

and future according to proof;[155][156]

d. For personal property was loss, damaged or

destroyed according to proof.[157]

**FOURTH CAUSE OF ACTION – § 504 OF THE**
**REHABILITATION ACT OF 1973, CODIFIED IN 29 U.S.C. §**
**794**
**COUNT IV**
**DISPARATE TREATMENT**
**(RETALIATION)**
**Against Defendant, MD ANDERSON**[158]

48. Plaintiff adopts and re-alleges each and every allegation contained in this

Complaint as if set out anew herein.

49. In taking the actions alleged herein, defendant MD Anderson, acted

through its employees *intentionally* retaliated against plaintiff on or about

May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.

in violation of § 504 of the Rehabilitation Act, and which is attached as

Exhibits Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG,

HH, II, JJ, KK and LL to this Complaint.

50. Defendant MD Anderson, acted through its employees *condones* and

*allows* retaliation.   Said actions of defendant MD Anderson, acted

through its employees were *aware* in violation of § 504 of the

---

[155]*See* 42 U.S.C. § 1981a.(b)(3)(D).
[156]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II,
JJ, KK & LL.
[157]*See* Ex. KK & LL.
[158]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II,
JJ, KK & LL.

Rehabilitation Act on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.,[159] and were taken with *malice* or *reckless indifference* to the federally-protected rights of plaintiff on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[160]

51. On or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m. plaintiff submitted to defendant MD Anderson, acted through its employees by complaining of discrimination on the bases of plaintiff disability against PHNH.[161]  Therefore, making expression by engaging in a statutorily protected activity "*because such individual has opposed any act or practice made unlawful by this chapter*"[162] from § 12203(a) of the ADA because the Rehabilitation Act 29 U.S.C. § 794(d) incorporates the anti-retaliation provision from § 12203(a) of the ADA on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[163]

---

[159]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[160]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[161]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[162]"The Rehabilitation Act incorporates the anti-retaliation provision from § 12203(a) of the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 791(g) and 793(d), as well as 29 U.S.C. § 794(d); *See Sutton v. Lader*, 185 F.3d 1203, 1207 n. 5 (11th Cir.1999) (stating that the standard for determining liability under the Rehabilitation Act is the same as under ADA, in the context of a discrimination claim)."  Under the ADA's anti-retaliation provision, ""[n]o person shall discriminate against an individual *because such individual has opposed any act or practice made unlawful by this chapter*."" 42 U.S.C. § 12203(a)."  *See Burgos-Stefanelli v. Secretary*, U.S. Department of Homeland Security, 410 Fed. Appx. 243 (11th Cir. 2011).

[163]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

52. Defendant MD Anderson, acted through its employees have retaliated against plaintiff's original Complaint of discrimination on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[164]

53. A cause finding was issued on said Complaint, after Conciliation failed, the matter was investigated by MD Anderson, acted through its employees on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[165]

54. Defendant MD Anderson, acted through its employees *alleged conduct* – retaliated on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m., as MD Anderson[166] – would likely deter a person of ordinary firmness from exercise of § 504 of the Rehabilitation Act.[167]

---

[164]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[165]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[166]Plaintiff's OSI MRI spine - details [2371211] on or about May 9, 2019, states as follows:

> "Technique: OSI MRI thoracic spine was performed at PHNH on or about May 1, 2019, i.e., diagnosis of hemangiomas: spinal tumors." *See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "No evidence of tumor in the thoracic spinal region." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

> "Thoracic spine: Examination of the thoracic spine shows no evidence of tumor." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[167]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

55. There is a *causal connection* between *the adverse action was related to protected activity*.[168]   The Supreme Court has recently held that the temporal proximity between *the adverse action* on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[169] and *was related to the protected activity* on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.,[170] must be close less than three (3) months, between *the plaintiff participated in a statutorily protected activity*[171][172] on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:27 p.m.[173] and *the plaintiff suffered an adverse action* on or about May 9, 2019 OSI MRI – Details [MRN: 2371211] at approx. 1:39 p.m.[174]

56. As a *proximate* consequence of the violations of § 504 of the Rehabilitation Act, by defendant MD Anderson, plaintiff suffered and continues to suffer bodily injuries such as pain and will continue to suffer damages to his professional life and future career opportunities, future

---

[168]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[169]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[170]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[171]*See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508 (2001).

[172]*See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir.); *Rhodes v. Tuscaloosa Co. Bd. OF Ed.*, 935 F. Supp. 2d 1226, 1254 (N.D. Ala. 2013) ("A plaintiff satisfies (*the causation*) element by showing that the decision-maker knew of the protected activity, and that a close temporal proximity existed between this awareness and the adverse ... action.") (emphasis added).

[173]*See* Ex. K, Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[174]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment in life, and non-pecuniary damages.[175]

57. As a *proximate* consequence of the violations of § 504 of the Rehabilitation Act, by defendant MD Anderson, plaintiff's personal property was loss, damaged or destroyed.[176]

58. Plaintiff has satisfied all administrative prerequisites to bring this claim outlined herein.[177][178]

---

[175]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

[176]*See* Ex. KK & LL.

[177]*See* *Camenisch v. University of Tex.*, 616 F.2d 127 (5th Cir. 1980), *vacated on other grounds and remanded*, 451 U.S. 390 (1981) (private suits for the enforcement of individual actions are appropriate in § 504 of the Rehabilitation Act cases, without exhaustion of administrative mechanisms); *Fells v. Brooks*, 522 F. Supp. 30, 33 (D.D.C. 1981) (private right of action exists under § 504 of the Rehabilitation Act, "and the existence of [this right] is not contingent upon the exhausted of administrative remedies . . ."); *Patton v. Dumpson,* 498 F. Supp. 933, 940 (S.D.N.Y. 1980) ("[I]t is well established that exhaustion is not required if the only available administrative remedy is plainly inadequate.").

[178]When a federal statute does not contain a limitations period (as is the case for § 504 of the Rehabilitation Act), the settled practice is to borrow an "appropriate" statute of limitations from state law. *See* *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), partially superseded by statute as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004); *see also* 42 U.S.C. § 1988. Of course, this rule only applies to statutes enacted prior to passage of 28 U.S.C. § 1658, which now governs in such circumstances. *See* 28 U.S.C. § 1658(a); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). Texas's two-year statute of limitations for personal injury actions, which is set out in Section 16.003 of the Texas Civil Practice and Remedies Code. Section 16.003 states in relevant part:

"Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues." *See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II, JJ, KK & LL.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays

for judgment against defendant MD Anderson on all cause of action

as follows:

a.  For post-judgment interest as allowed by law; and

b.  Such other legal or equitable relief, including
injunctive relief, as may be appropriate to effectuate
the purposes of § 504 of the Rehabilitation Act
enjoining defendant MD Anderson, their agents,
successors, employees, attorneys, and those acting in
concert with defendant MD Anderson, or at
defendant MD Anderson request from violating §
504 of the Rehabilitation Act, or to which he may be
entitled.[179]

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL
CLAIMS SO TRIABLE.**

**Respectfully submitted,**

Orlando V. Williams, [Pro Se]

**PLAINTIFF ADDRESS:**

**ORLANDO V. WILLIAMS**
P.O. Box 383093
Birmingham, Alabama 35238
Tel:   (205) 332-2043
Email:   octoberhotboy@yahoo.com

---

[179]*See* Ex. Q, K, J, L, M, N, R, S, T, U, V, W, X, FF, GG, HH, G, H, I, GG, HH, II,
JJ, KK & LL.

45

**PLEASE SERVE DEFENDANTS BY**
**CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

**1960 FAMILY PRACTICE PA**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**GABRIELLE WUDARSKI**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**FRANCISCO ORTIZ**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**DANG H. PHAM**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**MADELINE A. HUNT**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**TARA A. HAGOPIAN**
c/o Credentialing Department Ana Borja
P.O. Box 4356
Department 667
Houston, Texas 77210
Tel:   (281) 586-3888

**UNIVERSITY OF TEXAS MD ANDERSON
CANCER CENTER**
c/o Professor Jorge Enrique Maguera
1515 Holcombe BLVD.
M.D. Anderson Cancer CTA,
Lymphoma/Myeloma
Department 429
Houston, Texas 77030
Tel:   (713) 792-2860

**KRYSTAL J. KIMIAGAREE**
c/o Professor Jorge Enrique Maguera
1515 Holcombe BLVD.
M.D. Anderson Cancer CTA,
Lymphoma/Myeloma
Department 429
Houston, Texas 77030
Tel:   (713) 792-2860

**JUSTIN E. BIRD**
c/o Professor Jorge Enrique Maguera
1515 Holcombe BLVD.
M.D. Anderson Cancer CTA,
Lymphoma/Myeloma
Department 429
Houston, Texas 77030
Tel:   (713) 792-2860

**HOUSTON METHODIST HOSPITAL**
c/o Senior Vice President Bret Thomas Curran
6565 Fannin Street
Houston, Texas 77030
Tel:   (713) 790-3311

**TAREK SALAH RAFATI**
c/o Tarek Salah Rafati, M.D.
25305 IH 45 N
Spring, Texas 77380
Tel:   (832) 403-2166