Case 4:19-cv-04522   Document 42   Filed on 06/29/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORLANDO V. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-4522 |
| | § | |
| 1960 FAMILY PRACTICE PA, GABRIELLE WUDARSKI, FRANCISCO ORTIZ, DANG H. PHAM, TARA A. HAGOPAIN, UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, KRYSTAL J. KIMIAGAREE, JUSTIN E. BIRD, HOUSTON METHODIST HOSPITAL, TAREK SALAH RAFATI, and MADELINE A. HUNT, | § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the undersigned Magistrate Judge for all pre-trial proceedings are three Motions to Dismiss, filed by each of the Defendants who have been served (Document Nos. 15, 33 and 34), and a Motion to Stay Discovery (Document No. 36). Having considered each of those motions, Plaintiff's latest response to Defendants' Motions to Dismiss (Document No. 39), and the absence of any allegations in the pleadings by Plaintiff that are either on file or have been proposed that state or support a plausible claim against any of the Defendants, the Magistrate Judge RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 15, 33 and 34) all be GRANTED, that Plaintiff's claims against Defendants Houston Methodist Hospital, Tarek Salah Rafati, Krystal Kimiagaree, the University of Texas MD Anderson Cancer Center, and Justin Bird all be DISMISSED WITH PREJUDICE for failure to state a claim, and that the un-served Defendants (1960 Family Practice PA, Gabrielle Wudarski, Francisco Ortiz, Dang H.

Pham, and Tara A. Hagopain) be DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 4(m).

Plaintiff Orlando V. Williams ("Williams"), proceeding *pro se*, filed this suit against numerous physicians and health care providers, complaining about race discrimination, disability discrimination and retaliation under 42 U.S.C. §§ 1981, 1983 and § 504 of the Rehabilitation Act. In the Second Amended Complaint he filed, Williams identifies various MRIs he had and alleges that he has been discriminated and retaliated against "on the basis of MRI's" (Document No. 14 at 12). Other that identifying the MRI's he has had, Williams alleges no facts in support of a race discrimination claim, a disability discrimination claim, or a retaliation claim. He does not allege how he has been treated differently and does not even clearly state what his complaint is about any of the MRIs he has had or otherwise provide any factual information about what he believes is discriminatory or retaliatory about the MRIs he has had or those he believes he needs. Attached to the Second Amended Complaint are medical records, but other than making reference to them as Exhibits, Williams does not allege how any of the attachments have any bearing on, or support for, any claim he has attempted to allege in this case. Each of the Defendants that have been served have filed Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim. Each Motion to Dismiss is based on the contents of Plaintiff's Second Amended Complaint (Document No. 14). Plaintiff did not file a timely response to any of those three Motions to Dismiss. Instead, a written response was filed by Plaintiff after he failed to appear (by phone) for the Scheduling Conference, and a show cause order was issued.[1] In that Response (Document No. 39), Williams maintains that the Court

---

[1] As set forth in the Show Cause Order (Document No. 38), Williams did not appear (by phone) at the Scheduling Conference despite being given written and telephonic notice of the conference. He has also not explained why he did not appear. In this case, where Plaintiff's

should consider his allegations in his Second Amended Complaint and, if the allegations are found insufficient, allow him further leave to amend.

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the

allegations have been challenged with three Rule 12(b)(6) motions and where the undersigned cannot discern what Plaintiff is complaining about, it was particularly important for Plaintiff to both participate in a Fed. R. Civ. P. 26(f) conference with Defendants prior to the Rule 16 conference AND attend the Rule 16 conference. Plaintiff's pro se status does not excuse that, particularly given that the conference was conducted by phone.

3

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

Taking the factual allegations in Plaintiff's Second Amended Complaint as true, Willliams has not, as argued by Defendants, stated a claim for race discrimination, disability discrimination or retaliation. The only facts that are alleged in the Second Amended Complaint are those related to the dates and types of MRIs Williams has had. All the other allegations are conclusory and lacking in any relation to the required elements of a race discrimination claim under § 1981,[2] a disability discrimination claim under the Rehabilitation Act,[3] or a retaliation claim under either § 1981 or the Rehabilitation Act[4]. Williams has not, with the allegations in his Second Amended Complaint,

---

[2] "To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute; in this case, the making and enforcing of a contract." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

[3] The elements of a disability discrimination claim under the Rehabilitation Act are: (1) that the plaintiff has a disability; (2) that the plaintiff is "otherwise qualified to participate in the defendant's program;" (3) that the plaintiff was "excluded from the program on the basis of the [plaintiff's] disability." *Maples v. Univ. of Texas Med. Branch at Galveston*, 901 F. Supp. 2d 874, 879 (S.D. Tex. 2012), *aff'd*, 524 F. App'x 93 (5th Cir. 2013).

[4] The elements of a retaliation claim under § 1981 are: "(1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action." *Body by Cook, Inc. v. State Farm Mutual Automobile Ins.*, 869 F.3d 381, 390 (5th Cir. 2017). The elements of a retaliation claim under the Rehabilitation Act are essentially the same: (1) the plaintiff engaged in activity protected by the Rehabilitation Act; (2) the plaintiff suffered an adverse action; and (3) "there is a causal connection between the two." *A.N. v. Mart Indep. Sch. Dist.*, No. W-13-CV-002, 2013 WL 11762157, at *11 (W.D. Tex. Dec. 23, 2013), *aff'd sub nom. Nevills v. Mart Indep. Sch. Dist.*, 608 F. App'x 217 (5th Cir. 2015).

stated a plausible claim against Defendants Houston Methodist Hospital, Tarek Salah Rafati, Krystal Kimiagaree, the University of Texas MD Anderson Cancer Center, and Justin Bird.[5] That determination leads to Williams' request for leave to amend.

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, nothing in any of Williams' submissions suggests that Williams could, if allowed to further amend, state a plausible claim against any of the defendants. Despite the fact that Williams' complaint is not discernable from anything he has filed, it is implausible that Williams could state, with facts that relate to any of own his own medical care and his own MRIs, a claim for race discrimination, disability discrimination, or retaliation. In addition, this is not the first lawsuit

---

[5] Williams also makes reference in his Second Amended Complaint to a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See Bass v. Parkwwod Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). As with his claims under § 1981 and the Rehabilitation Act, Williams' Second Complaint contains no factual allegations to support a claim under § 1983.

In addition, while Defendants Bird and Kimiagaree have, as employees of University of Texas MD Anderson Cancer Center, asserted qualified immunity as a defense to Williams' claims, and seek dismissal of Williams' claims on that basis as well, because it cannot be ascertained what Williams' complaint is, much less that the claim is one for an alleged "violation of a clearly established constitutional right,"*Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993) (quoting *Siegert v. Gilley*, 111 S.Ct. 1789, 1793 (1991)), the qualified immunity defense will not be reached.

Williams has filed complaining about discrimination and retaliation in "MRI's". Williams filed two lawsuits in the United States District Court for the Northern District of Alabama, complaining about discrimination and retaliation related to MRIs. *Williams v. Gavino*, Civil Action No. 4:19cv1488-KOB; *Williams v. United States*, Civil Action No. 4:19cv1696-KOB. The § 1983 and Rehabilitation Act claims in both of those lawsuits were dismissed for failure to state a claim, on September 13, 2019, and January 6, 2020, respectively. *See* Exhibits C& D to the Methodist Defendants' Motion to Dismiss (Document Nos. 15-3 and 15-4). Because there is no appreciable difference between the claims Williams has alleged herein under § 1981, § 1983 and the Rehabilitation Act and the § 1983 and Rehabilitation Act claims Williams asserted in the Northern District of Alabama, which were found to not be plausible, and because Williams did not take advantage of the opportunity he was given to appear – by phone – at the Rule 16 conference to explain his claims, the Magistrate Judge concludes that further amendment is not warranted and would be futile. Accordingly, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 15, 33 and 34) all be GRANTED, and that Plaintiff's claims against Defendants Houston Methodist Hospital, Tarek Salah Rafati, Krystal Kimiagaree, the University of Texas MD Anderson Cancer Center, and Justin Bird all be DISMISSED WITH PREJUDICE for failure to state a claim. The Magistrate Judge further

RECOMMENDS that Plaintiff's claims against the defendants who have not been served (1960 Family Practice PA, Gabrielle Wudarski, Francisco Ortiz, Dang H. Pham, and Tara A. Hagopain) be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely effect service and/or Fed. R. Civ. P. 41(b) for failure to prosecute.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 29th day of June, 2020.

*[signature]*
Frances H. Stacy
United States Magistrate Judge